Serafino Calliguiri *v.* Dominic Marro.

February Term, 1919.

Present:   Watson, C. J., Powers, Taylor, and Miles, JJ.

Opinion filed April 19, 1919.

*Assault and Battery—Evidence—Statement of Third Person— Prejudicial Error—Argument of Counsel—Statement Not Warranted by the Evidence.*

In an action for assault and battery, plaintiff's witness testified, subject to objection and exception, that shortly before the affray in question he heard defendant's boy, in reply to defendant's question, "Did you get the gun?" say, "I couldn't find the gun so I got a knife." *Held,* that since no evidence was offered showing that the boy gave any knife to the defendant the evidence was prejudicial and should have been excluded.

Statement of plaintiff's counsel in argument that the defendant had pleaded guilty to the assault upon which the suit was based was unwarranted, where the uncontradicted evidence showed that the breach of peace to which defendant pleaded guilty was committed at a different time and place, and permitting counsel to continue in the same line of argument, after objection made, was reversible error.

ACTION OF TORT for assault and battery. Plea, the general issue, and of self-defence. Trial by jury at the March Term, 1918, Rutland County, *Stanton,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*Walter S. Fenton* for the defendant.

*Jones & Jones* for the plaintiff.

STATEMENT BY WATSON, C. J.   The evidence of the plaintiff tended to show that at the time in question, while he was walking westerly on West Street in the city of Rutland, from Morgan Hall to his home on Traverse Place, at a point west of the railroad crossing, he was attacked by the defendant and stabbed four times, twice in the back, once in the top of the shoulder, and once on the head, thereby suffering great injury.

The evidence of the defendant tended to show that a short time prior to the altercation on West Street, while at Morgan Hall, the plaintiff and another man assaulted him and inflicted severe injury to his hand, by means of a knife, and also struck him over the head with a chair; that this was bleeding very badly and he was suffering severe pain; that he went to his home on West Street from Morgan Hall, and with his wife and son started back up West Street for the purpose of going to a doctor to have the hand dressed; that upon reaching a point at the West Street cemetery, which is east of the railroad crossing, he met friends who gave him certain information; that thereupon he turned with his friends and went toward home; that after crossing the railroad track, a man came from behind, passing closely in front of him; that defendant recognized the man as the plaintiff; that the latter put his hand in his hip pocket, and defendant thought that he was about to draw a weapon of some kind; that the men immediately clinched, and in the struggle both fell to the

ground; that in the struggle defendant received a cut in the side; that he had no knife in his possession, and the plaintiff's wounds were inflicted in some way in the struggle which ensued, but not by the defendant. The defendant's evidence further tended to show that the plaintiff lived on Traverse Place, and the shortest and most feasible route and the one usually taken by the plaintiff in going to his home, was by the way of Forest Street and not by the way of West Street.

On cross-examination of defendant, the plaintiff brought out the fact that the former had been convicted of breach of the peace in the Rutland city court on the plea of guilty, it being represented to him that if he would so plead he would be placed upon probation; that the breach of the peace to which he pleaded guilty was the altercation which took place in Morgan Hall; that he did not plead guilty to striking anybody on West Street. This was the only evidence on this point.

The exceptions state that, "The occurrence in Morgan Hall and the affray on West Street were not over fifteen minutes apart and were both a part of the same transaction."

WATSON, C. J.    Peter Cantoni, a witness called by the plaintiff, testified that he came up West Street with defendant's son at the time defendant, his wife, and son, started to see the doctor; that he heard defendant say to the boy, "Did you get the gun?" The witness was then asked to tell what the boy said in answer thereto. Against objection to any conversation of the boy, the evidence was received, and exception noted. The witness stated that the boy said, "I couldn't find the gun so I got the knife." The witness having further testified that he did not see the boy hand the knife to his father, defendant moved that the foregoing testimony let in under exception, be stricken out. Subject to exception, the motion was overruled on the assurance by plaintiff's attorney that he expected to make the necessary connection. The record states, however, that no witnesses were produced and no evidence was offered, showing that the boy gave any knife to defendant.

What the boy said in answer to the question about the gun was immaterial to any issue in the case, and the evidence of the witness in that respect was mere hearsay. What he said concerning a knife was admissible only in case the evidence also tended to show that he gave it to defendant. Since no such evidence

was introduced, the exception to the admission of the boy's statement must be sustained. The character of this evidence was such that it could not be otherwise than prejudicial.

In his closing argument to the jury, plaintiff's counsel said the defendant had pleaded guilty to the assault upon which this suit is based, to which statement defendant excepted on the ground that by the uncontradicted evidence the plea of guilty was to what took place in Morgan Hall. Thereupon plaintiff's counsel said that was all he claimed for it, but (continuing his argument to the jury) said "and they call that breach of the peace when he was stabbed four times in the back." The court stated that defendant's exception covered this last statement. As a justification for such argument the plaintiff calls attention to the statement in the bill of exceptions that the occurrence in Morgan Hall and the affray on West Street were not over fifteen minutes apart and of the same transaction. It is true that the bill of exceptions so states. At the same time it shows that, according to the evidence given by both parties, the defendant went to his home between the time of the occurrence in Morgan Hall and that on West Street, and that the latter took place after he had left his home to see a doctor. Such being the record, it is not conceivable how pleading guilty to a breach of the peace at the former place is pleading guilty to any offence committed at the latter place. The argument was unwarranted, and permitting it to continue in the same line after objection made, was harmful error.

*Judgment reversed, and cause remanded.*